# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM B. PRUITT,<br><br>          Plaintiff,<br><br>    v.<br><br>CLARK, et al.,<br><br>          Defendants. | 1:07-cv-01709-AWI-SMS (PC)<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>(Doc. 1) |

**I.   SCREENING ORDER**

Plaintiff, William V. Pruitt, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on November 26, 2007. (Doc. 1.)

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

### B. Summary of Plaintiff's Complaint

Plaintiff complains of acts that occurred while he was an inmate at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Plaintiff names the following individuals as Defendants in this action: Warden Ken Clark; Michael Fisher; Sergeant K. Curtiss; Assistant Warden T. Wan; Correctional Officers Swimford, Bonilla, and Laura Work; Lieutenant Watkins; Appeals Coordinator R. Hall; and Director's Examiner J. Burleson. Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that in the "work change" area, prisoners returning to the facility would be required initially to strip to their boxer shorts. Once their removed clothing was searched, prisoners were to move to the other side of the counter, remove their boxer shorts, turn around, bend over, and cough for a visual body cavity search. Plaintiff alleges that, beginning on February 27, 2007, there were three female officers (C/O's Swimford, Bonilla, and Daura) and one unknown male officer working in "B" Facility "work change." Plaintiff alleges that on that day C/O's Swimford and Daura were conducting the unclothed bodily inspection of male inmates – including Plaintiff. Despite writing a letter of complaint to the Warden and being directed to pursue the issue through the inmate 602 appeals process (which Plaintiff did), this condition was allowed to continue. Plaintiff alleges that these circumstances violated his rights under the Fourth, Eighth, and Fourteenth Amendments and took place as part of a conspiracy.

Plaintiff has stated some claims and may be able to amend to correct the deficiencies in his pleading so as to state additional cognizable claims. Thus, he is being given the applicable standards and leave to file a first amended complaint.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

2

Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) *accord Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Twombly*, 550 U.S. at 555, *accord Iqbal*, 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusion are not. *Iqbal.* at 1949; *see also Moss v. U.S. Secret Service*, ___ F.3d ___, 2009 WL 2052985, *6, (9th Cir. 2009); *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556-557.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names but fails to link Warden Clark and C/O Work to any of his factual allegations.  Further, in his statement of claim, Plaintiff mentions individuals by the names of "Daura" and "Laura," though he has not named any individual by either surname as a Defendant in this action, and only identifies prison personnel by their surname in his statement of claim.  It occurred to the Court that Plaintiff may have intended to implicate C/O Work when he instead used the names "Daura" and /or "Laura."  However, this is not at all clear from Plaintiff's allegations and certainly is not enough to link C/O Work to Plaintiff's allegations.  Plaintiff must clarify which Defendant he feels is responsible for each violation of his constitutional rights and the factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### D.     **Claims for Relief Based on Strip Search By Female Guards**

The body of law surrounding this type of claim is less than clear.  Prisoners' claims related to searches may give rise to claims for relief under the Fourth, Eighth, and Fourteenth Amendments.  *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (Eighth Amendment protects prisoners from harassing searches); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (Eighth Amendment protects prisoners from sexual abuse); *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988) (discussing Fourth Amendment search and Fourteenth Amendment privacy claims in context of routine strip searches conducted in view of female guards and visitors).

### 1. Fourth Amendment

The Fourth Amendment protects prisoners from unreasonable searches and seizures. Strip searches that are excessive, vindictive, harassing, or unrelated to any legitimate penological interest are not reasonable. *Michenfelder*, 860 F.2d at 332. Neither the United States Supreme Court nor the United States Court of Appeals for the Ninth Circuit has yet held that prisoners retain *no* privacy rights under the Fourth Amendment. *Hudson*, 468 U.S. at 530 ("Fourth Amendment proscription against unreasonable searches does not apply *within confines of the prison cell*.") (emphasis added); *Bell*, 441 U.S. at 558 ("assuming [without deciding] that inmates, both convicted prisoners and pretrial detainees, retain some Fourth Amendment rights upon commitment to a correctional facility . . . ."); *Somers v. Thurman*, 109 F.3d 614 (9th Cir. 1997).

Under the Fourth Amendment, "[c]ourts must consider the *scope* of the particular intrusion, the *manner* in which it is conducted, the *justification* for initiating it, and the *place* in which it is conducted." (emphasis added) *Bell*, 441 U.S. at 559; *Giles v. Ackerman*, 746 F.2d 614, 616 (9th Cir.1984), *cert. denied*, 471 U.S. 1053 (1985).

It appears that Plaintiff's allegations that he was subjected to visual cavity strip searches by female guards on a routine basis through the work change area state cognizable claims against C/O Swimford[1] as well as against Lt. Watkins, Sgt. Curtiss, and Asst. Warden Wan to whom Plaintiff appropriately complained and failed to take corrective action. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)

### 2. Eighth Amendment – Cruel & Unusual Punishment

Courts considering a prisoner's Eighth Amendment claim must ask 1) if the officials acted with a sufficiently culpable state of mind; and 2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. *Somers*, 109 F.3d at 622, *ref. Hudson,* 503 U.S. at 8 (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

---

[1] Plaintiff's allegations would also be cognizable against "Daura" if any such indivicual defendant were appropriately identified. As discussed above, it appears to the Court that Plaintiff might have intended to implicate C/O Work when he mentioned "Daura," but, as written, Plaintiff's claims are not sufficiently linked to C/O Work to state a cognizable claim.

1  Plaintiff has not met the subjective portion of the test as he merely asserts that the visual
2  strip searches took place and does not allege any culpable state of mind on the part of any
3  Defendant(s). *Wilson*, 501 U.S. at 298. Nor do his contentions establish conduct objectively
4  harmful enough to establish a constitutional violation as "[c]ross-gender searches 'cannot be
5  called inhumane and therefore do[ ] not fall below the floor set by the objective component of
6  the [E]ighth [A]mendment.'" *Somers*, 109 F.3d at 622 *citing Johnson v. Phelan*, 69 F.3d 144,
7  151 (7th Cir. 1995). Thus, Plaintiff does not state a cognizable claim under the Eighth
8  Amendment.

### 3. Fourteenth Amendment

The Supreme Court has recognized, resident in the Fourteenth Amendment, a privacy interest in avoiding disclosure of personal matters, *Whalen v. Roe*, 429 U.S. 589, 599 (1977). However, the Court "has not recognized that an interest in shielding one's naked body from public view should be protected under the rubric of the right of privacy . . . ." *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985). The interest in avoiding disclosure of personal matters "has been infrequently examined . . . [and] its contours remain less than clear." *Davis v. Bucher*, 853 F.2d 718, 719 (9th Cir. 1988). Under Ninth Circuit law, prisoners retain a limited right to bodily privacy. *Michenfelder*, 860 F.2d at 333. The Supreme Court has held that, since the right of privacy is a fundamental right, it may be restricted only if the limitation is justified by a "compelling state interest." *Roe v. Wade*, 410 U.S. 113 (1973). However, the state, may restrict or withdraw rights to the extent necessary to further the correctional system's legitimate goals and policies. *Hudson*, 468 U.S. at 525; *Bell,* 441 U.S. at 545-46; *Price v. Johnston*, 334 U.S. 266, 285 (1948). Chief among those objectives is internal security. *Hudson*, 468 U.S. at 524-25; *Bell,* 441 U.S. at 547-48. Moreover, the adoption and execution of policies and practices by prison administrators is to be accorded deference by the judiciary. *Block v. Rutherford*, 468 U.S. 576 (1984) (*citing Bell*, 441 U.S. at 547).

Plaintiff does not state any allegations to imply that the searches in the "work change" area were not conducted because of a legitimate penological interest. The implications of Plaintiff's allegations, even in the light most favorable to Plaintiff, are that the objective of

6

1  discovering contraband on inmates entering a facility as a means of protecting internal security
2  was a legitimate goal/policy under which prison personnel would have been justified to infringe
3  on any right of privacy Plaintiff may have had.  Thus, Plaintiff fails to state a cognizable claim
4  under the Fourteenth Amendment.

### 4. Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (*quoting United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (*citation omitted*)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (*quoting Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 *quoting United Steel Workers*, 865 F.2d at 1541.

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* at 1964-65 (internal quotations and citations omitted).  As such, Plaintiff's bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

### 5. Inmate Appeals

Plaintiff appears to grieve the actions of Defendants Hall and Burleson in processing, and reviewing of his 602 inmate appeals related to his allegations in the Complaint.

1    The Due Process Clause protects prisoners from being deprived of liberty without due
2  process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of
3  action for deprivation of due process, a plaintiff must first establish the existence of a liberty
4  interest for which the protection is sought.  "States may under certain circumstances create
5  liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S.
6  472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from
7  restraint which "imposes atypical and significant hardship on the inmate in relation to the
8  ordinary incidents of prison life." *Id.*

9    "[A prison] grievance procedure is a procedural right only, it does not confer any
10 substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)
11 *accird Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334
12 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no
13 entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.
14 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*,
15 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest
16 requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v.
17 DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

18    Actions in reviewing prisoner's administrative appeal cannot serve as the basis for
19 liability under a § 1983 action. *Buckley*, 997 F.2d at 495.  The argument that anyone who
20 knows about a violation of the Constitution, and fails to cure it, has violated the Constitution
21 himself is not correct. "Only persons who cause or participate in the violations are responsible.
22 Ruling against a prisoner on an administrative complaint does not cause or contribute to the
23 violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507
24 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance
25 v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

26    Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals,
27 Plaintiff fails, and is unable to state a cognizable claim for the processing and/or reviewing of
28 his 602 inmate appeals against Defendants Hall and Burleson.

### 6. Supervisory Liability

It appears that Plaintiff named Warden Clark merely because he holds a supervisory position.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal,* 129 S.Ct. at 1949. "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 2009 WL 2052985, *5 (*quoting Iqbal*, 126 S.Ct. at 1951 (*quoting Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Thus, Plaintiff's allegations that he was strip searched by female guards in the work

change area in violation to SATF policies does not state a cognizable claim against Warden Clark.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that a first amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567 (*citing London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies

identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

        Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:   December 14, 2009**               /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE