1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | WILLIAM B. PRUITT,

CASE NO. 1:07-cv-01709-AWI-SMS PC

10                          Plaintiff,

FINDINGS AND RECOMMENDATIONS
RECOMMENDING ACTION PROCEED
AGAINST DEFENDANTS SWIMFORD,
BONILLA, LAURA, CURTISS, AND WAN
ON FOURTH AMENDMENT CLAIM, AND
OTHER CLAIMS AND DEFENDANTS BE
DISMISSED

11      v.

12  | CLARK, et al.,

13                          Defendants.

14                                                      (Doc. 8)

15                                                      OBJECTIONS DUE WITHIN THIRTY DAYS

16  _____/

17      **Findings and Recommendations Following Screening of Amended Complaint**

18  **I.      Procedural History**

19          Plaintiff William B. Pruitt, a state prisoner proceeding pro se and in forma pauperis, filed this

20  civil rights action pursuant to 42 U.S.C. § 1983 on November 26, 2007.  On December 6, 2009, the

21  Court issued an order finding that Plaintiff's complaint stated a cognizable Fourth Amendment claim

22  against Defendants Swimford, Watking,[1] Curtiss, and Wan, but failed to state cognizable Eighth

23  Amendment, Fourteenth Amendment, and conspiracy claims.  Now pending before the Court is

24  Plaintiff's amended complaint, filed January 15, 2010.

25  ///

26  ///

27  _____

28      [1] Identified as Watkins in the order.

1

1    **II.     Screening Requirement**

2         The Court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10        A complaint must contain "a short and plain statement of the claim showing that the pleader

11   is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

13   do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

14   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

15   factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at

16   1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere

17   possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are

18   accepted as true, legal conclusion are not, id. at 1949.

19   **III.    Plaintiff's Claims**

20        **A.     Summary of Factual Allegations**

21        In this action, Plaintiff seeks damages, a declaration, and injunctive relief for the violation

22   of his rights under the First Amendment, the Fourth Amendment, and the Due Process Clause of the

23   Fourteenth Amendment of the United States Constitution.  Plaintiff names Warden Ken Clark;

24   Administrative Assistant/Public Information Officer Michael Fisher; Lieutenant Watking; Sergeant

25   K. Curtiss; Associate Warden T. Wan; Correctional Officers Swimford, Bonilla, and Laura; Appeals

26   Coordinator R. Hall; and Appeals Examiner J. Burleson as defendants.

27        Plaintiff's claims arise from two cross-gender visual body cavity searches conducted on

28   February 27 and 28, 2007, at the "work change" area of B Facility at the California Substance Abuse

2

1    Treatment Facility and State Prison in Corcoran.  (Doc. 8, Amend. Comp., ¶3.)  Present for the

2    searches were three female correctional officers and one male correctional officer.  The searches

3    occurred when Plaintiff returned to his housing unit on B Facility from the Correctional Treatment

4    Center (CTC), which is on the prison grounds but outside of the housing unit.

5         Inmates leaving B Facility for the CTC must go through work change.  When Plaintiff left

6    B Facility for his medical appointment at the CTC, he went through a metal detector but was not

7    strip searched.  Upon his return, Defendants Swimford, Laura, and Bonilla, who were female

8    correctional officers, and John Doe, a male correctional officer, were conducting strip searches of

9    inmates.  Defendant Swimford told Plaintiff to "go through the motions," which required Plaintiff

10   to remove all of his clothing, lift up his arms, open his mouth, lift up his testicles, turn around, lift

11   his feet, and bend over, spread his buttocks, and cough. (Amend. Comp. ¶¶13, 14.) Plaintiff voiced

12   his discomfort to the male officer but complied with the directive because he did not want to get

13   written up.

14        Plaintiff wrote a letter to Defendant Warden Clark on February 27, 2007, complaining about

15   the Fourth Amendment and prison regulations being violated by female officers conducting strip

16   searches.  On March 2, 2007, Plaintiff submitted an inmate appeal regarding the strip search by

17   Defendants Swimford, Bonilla, and Laura.

18        On March 5, 2007, Defendant Fisher responded to Plaintiff's letter on behalf of Warden

19   Clark, and informed Plaintiff that he should file an inmate appeal or request an interview with the

20   Facility Captain.

21        On March 10, 2007, Plaintiff submitted a request for an interview to Facility Captain

22   Prud'homme.  Plaintiff was summoned for an interview with Defendant Facility Captain Watking

23   on March 14, 2007, at which time he complained about the cross-gender strip searches.  Defendant

24   Watking agreed with Plaintiff that female officers should not be in work change while inmates were

25   undressing and he would talk to the captain about it, but stated that he could not do anything more

26   because he did not run work change.

27        On March 26, 2007, Plaintiff received a phone call from Defendant Curtiss, a sergeant who

28   was in charge of work change.  Defendant Curtiss interviewed Plaintiff regarding his inmate appeal,

and informed Plaintiff that their union allows female officers to occupy positions in work change where inmates will be undressing and that female officers have the right to occupy the work change positions because they are not gender specific.

Defendant Wan, an associate warden, was in charge of work change policies and was aware of the situation, but failed to stop the cross-gender strip searches and signed off on Defendant Curtiss's investigation of Plaintiff's inmate appeal at the first level of review. Defendant Hall investigated Plaintiff's appeal at the second level of review but did not interview Plaintiff or any witnesses, and did not provide a fair hearing. Finally, on August 14, 2007, Defendant Burleson denied Plaintiff's appeal at the Director's Level of review.

**B.    Fourth Amendment Claim Against Swimford, Bonilla, and Laura**

Plaintiff alleges that the routine cross-gender visual body cavity searches conducted by Defendants Swimford, Bonilla, and Laura violated his rights under the Fourth Amendment, which protects prisoners from unreasonable searches, including the invasion of bodily privacy. Bull v. City and County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332-34 (9th Cir. 1988). While prisoners retain some legitimate expectation of bodily privacy from persons of the opposite sex, such rights are extremely limited, Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); Michenfelder, 860 F.2d at 333, and prisoners do not have a recognized right to be free from cross-gender strip searches, Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997); Jordan, 986 F.2d at 1524-25.

Rather, the Fourth Amendment prohibits unreasonable searches, and reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that search entails. Bell v. Wolfish, 441 U.S. 520, 558-59, 99 S.Ct. 1861 (1979) (quotations omitted); Bull, 595 F.3d at 971-72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder at 332. The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted must be considered. Bell, 441 U.S. at 559 (quotations omitted); Bull at 972; Nunez, 591 F.3d at 1227; Michenfelder at 332.

///

In evaluating whether a prison's policy or practice is reasonable under the Fourth Amendment, courts must also look to the test articulated in Turner v. Safley, 482 U.S. 78, 89-91, 107 S.Ct. 2254 (1987). Bull at 973; Nunez at 1227; Michenfelder at 331. Under Turner as applied to Fourth Amendment body search claims, any infringement on a prisoner's Fourth Amendment rights must be reasonably related to legitimate penological interests, which requires consideration of (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) the impact the accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (3) the absence of ready alternatives. Bull at 973; Nunez at 1227; Michenfelder at 331.

Plaintiff alleges that female officers routinely conducted the visual body cavity searches of male prisoners returning to B Facility through work change, and that Defendants Swimford, Bonilla, and Laura, all female officers, were present for and/or conducted the strip searches he was subjected to on February 27 and 28, 2007. At the pleading stage, these allegations are sufficient to state a claim against Defendants Swimford, Bonilla, and Laura. Fed. R. Civ. P. 8(a).

**B.      Claims Against Clark, Fisher, Watking, Curtiss, Wan, Hall, and Burleson**

Defendants Clark, Fisher, Watking, Curtiss, Wan, Hall, and Burleson's involvement in the alleged violation of Plaintiff's constitutional rights arises through their receipt and/or handling of Plaintiff's complaint letter and inmate appeal grieving the cross-gender strip searches. Plaintiff alleges violations of the First Amendment, the Fourth Amendment, and the Due Process Clause of the Fourteenth Amendment.

**1.      First and Fourteenth Amendment Claims**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary

5

1   incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); <u>Myron v.</u>

2   <u>Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007).

3       Plaintiff does not have a protected liberty interest at stake relating to the submission of

4   complaint letters or inmate appeals, including how they are processed or resolved. <u>Sandin</u>, 515 U.S.

5   at 484-86; <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing

6   of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d

7   641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).

8   Therefore, Plaintiff's allegations that, among other things, he was not interviewed, witnesses were

9   not interviewed, and he did not receive a fair hearing do not state a claim.  Plaintiff's due process

10  claim arising from the events surrounding his submission of the complaint letter and inmate appeal

11  fails as a matter of law.

12      Further, although Plaintiff alleges a violation of the First Amendment, the amended

13  complaint is devoid of any allegations supporting a claim that Defendants violated any of his rights

14  under the First Amendment.  <u>See</u> <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1093 (9th Cir 2009) (claim

15  must be premised on the violation of a constitutional rights).  The Court recommends that these

16  claims be dismissed, with prejudice, for failure to state a claim.

17                  **2.    Fourth Amendment Claim**

18      Under section 1983, Plaintiff must prove that Defendants personally participated in the

19  deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  There is no

20  <u>respondeat</u> <u>superior</u> liability under section 1983, and Defendants are only liable for their own

21  misconduct.  <u>Iqbal</u> at 1948-49.  However, a supervisor may be held liable for the constitutional

22  violations of his or her subordinates if he or she "participated in or directed the violations, or knew

23  of the violations and failed to act to prevent them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.

24  1989); <u>also</u> <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County</u>

25  <u>School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189,

26  1204 (9th Cir. 1997).  While the allegations are taken as true, courts "are not required to indulge

27  unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal

28  ///

1  quotation marks and citation omitted), and "plaintiffs [now] face a higher burden of pleadings facts

2  . . . ," <u>Al-Kidd v. Ashcroft</u>, 580 F.3d 949, 977 (9th Cir. 2009).

3        Merely "[r]uling against a prisoner on an administrative complaint does not [necessarily]

4  cause or contribute to the violation." <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007).  Such is

5  the situation with Defendants Hall and Burleson, who merely conducted an administrative review

6  Plaintiff's inmate appeal at the second and third levels of review.  There are no allegations

7  supporting a claim that they were responsible for the practice of cross-gender strip searches, or that

8  they had any supervisory authority over work change or Defendants Swimford, Bonilla, and Laura.

9  The Court finds that given the facts as alleged in Plaintiff's amended complaint, Plaintiff is

10  attempting to impose liability on Hall and Burleson for violating his Fourth Amendment rights based

11  merely upon their consideration of his inmate appeal.  Plaintiff has not presented a facially plausible

12  Fourth Amendment claim against Hall and Burleson and the Court recommends dismissal of the

13  claim against them, with prejudice.  <u>Iqbal</u> at 1949-50.

14        Defendants Watking and Curtiss both spoke to Plaintiff by phone regarding his inmate

15  appeal, and Defendant Wan participated in the resolution of Plaintiff's appeal at the first level of

16  review.  Defendant Watking was not in charge of work change and could not do anything about the

17  cross-gender strip searches. (Amend. Comp., ¶¶23-25.)  Defendant Curtiss, however, was the work

18  change sergeant and he defended the practice on the ground that female officers have the right to

19  hold positions in work change. (<u>Id.</u>, ¶¶26-27.)  Defendant Wan was in charge of the work change

20  policies and agreed with Curtiss's resolution of the appeal.

21        The Court finds that Plaintiff's allegations state a claim against Defendants Curtiss and Wan

22  but not Defendant Watking.  Defendant Watking conducted an administrative review of Plaintiff's

23  appeal and did not have authority over the work change area or its employees, policies, and practices.

24  There simply is not sufficient factual support for a facially plausible claim that Defendant Watking

25  violated Plaintiff's Fourth Amendment rights.  <u>Iqbal</u> at 1949-50.  Defendants Curtiss and Wan, by

26  contrast, had authority over work change and its policies and practices, and were aware that routine

27  cross-gender strip searches were taking place.  This is sufficient to state a claim under section 1983.

28  Fed. R. Civ. P. 8(a).

Turning last to Defendants Clark and Fisher, Plaintiff alleges only that he sent Warden Clark a letter and Fisher responded on Clark's behalf, telling Plaintiff to file an inmate appeal. Defendants Clark and Fisher are only liable for their own misconduct, and the allegations that a letter was sent and responded to with the direction to file an inmate appeal fall short of stating a facially plausible Fourth Amendment claim against them. Iqbal at 1949-50. The mere possibility of misconduct is insufficient to state a claim under section 1983. Id.

**IV.   Conclusion and Recommendation**

Plaintiff's amended complaint states a cognizable claim for relief against Defendants Swimford, Bonilla, Laura, Curtiss, and Wan for violation of the Fourth Amendment arising out of the routine cross-gender strip searches occurring in work change. There are no other cognizable claims in the amended complaint. In light of the Court's previous screening order and the nature of the deficiencies at issue, the Court recommends that the non-cognizable claims be dismissed, without further leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    This action proceed on Plaintiff's amended complaint, filed January 15, 2010, against Defendants Swimford, Bonilla, Laura, Curtiss, and Wan for violation of the Fourth Amendment arising out of the routine cross-gender strip searches occurring in work change;

2.    Plaintiff's Fourth Amendment claim against Defendants Clark, Fisher, Watking, Hall, and Burleson be dismissed, with prejudice, for failure to state a claim;

3.    Plaintiff's First Amendment claims and Fourteenth Amendment due process claims be dismissed, with prejudice, for failure to state a claim;

4.    Defendants Clark, Fisher, Watking, Hall, and Burleson be dismissed from this action based on Plaintiff's failure to state any claims against them; and

5.    This matter be referred back to the undersigned for initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:     August 3, 2010**                         _____/s/ Sandra M. Snyder_____
                                                  UNITED STATES MAGISTRATE JUDGE