# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM B. PRUITT, | CASE NO. 1:07-cv-01709-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES, WITHOUT PREJUDICE, AND DENYING MOTION TO COMPEL AS MOOT |
| v. | |
| CLARK, et al., | (Docs. 39 and 41) |
| Defendants. | ORDER PERMITTING PARTIES TO FILE STATUS REPORTS WITHIN FORTY-FIVE DAYS IF FURTHER DISCOVERY IS NEEDED |
| _____/ | (Doc. 44) |

### Order on Plaintiff's Discovery Motions

## I.    Summary of Pending Motions

Plaintiff William B. Pruitt, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 26, 2007.  This action is proceeding on Plaintiff's amended complaint against Defendants Swinford,[1] Bonilla, Lara,[2] Curtiss, and Wan for violation of the Fourth Amendment arising out of the routine cross-gender strip searches occurring in work change at the California Substance Abuse Treatment Facility in Corcoran.

///

---

[1] Identified as Swimford in the amended complaint.

[2] Identified as Laura in the amended complaint.

1

On July 5, 2011, Plaintiff filed a motion seeking leave of court to serve interrogatories in excess of twenty-five, and on July 26, 2011, Plaintiff filed a motion to compel Defendant Curtiss to respond to Plaintiff's second set of interrogatories.  Defendants filed oppositions on July 12, 2011, and August 16, 2011, respectively.  No replies were filed, and the motions have been submitted.  Local Rule 230(l).

**II.    Motion for Leave to Serve Excess Interrogatories**

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five, including discrete subparts, per party.  The Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2).  The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court ot permit a larger number of interrogatories . . . ."  Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

Plaintiff apparently seeks leave to serve each of the five defendants with up to an additional twenty-five interrogatories.  The subject matter of the proposed interrogatories was not provided, although Plaintiff included his second set of interrogatories served on Defendant Lara as an exhibit.

The Court will not grant any party leave to serve interrogatories in excess of twenty-five in the absence of information sufficient to allow the Court to scrutinize the request and ensure it is not excessive.  Eichler v. Tilton, No. CIV S-06-2894-JAM-CMK-P, 2010 WL 457334, at *1 (E.D.Cal. Feb. 3, 2010) ("Plaintiff is required to make some showing as to the reasons for his request to propound extra interrogatories, so that the court may make a determination as to the necessity therefor.")  Therefore, Plaintiff's blanket request to serve additional interrogatories is denied, without prejudice.

With regard to the specific interrogatories Defendant Lara declined to answer given the limitation, Plaintiff sought to know (1) whether Defendant Lara had ever been inside of work change while prisoners were being processed out of work change on Facility B; (2) whether Defendant Lara, while working in Facility B work change, had ever processed prison work cards out to make sure no prisoners were left in vocational; and (3) whether it is the duty of officers working in work change to process out the prisoners' work cards from inside work change.  (Doc. 39, Motion, court record

1  p. 7, ROGs 10-12.)  In Plaintiff's first set of interrogatories, Defendant Lara responded, in relevant

2  part, that she worked inside the work change building while inmates were being processed through

3  the building and she would process gate passes and answer the phones.  (Doc. 40, Opp., Ex. A.)

4      It appears from these responses to the first set of interrogatories that Plaintiff is in possession

5  of the basic information he seeks in his second set of interrogatories.   The Court may not permit

6  discovery which is unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i).  The

7  Court is mindful that Plaintiff is proceeding pro se and the Court does not hold Plaintiff to the same

8  standard as it would an attorney.  Nevertheless, there is no justification for requiring Defendant Lara

9  to respond to interrogatories in the excess of twenty-five when her responses would not provide

10 Plaintiff with any new information.  The Court is somewhat hampered in that Plaintiff has not set

11 forth any specific argument regarding these interrogatories, but based on a review of the record, it

12 is the Court's conclusion that Plaintiff is in possession of the basic information that Defendant Lara

13 worked inside the work change building and she processed gate passes.

14     The parties will be permitted to file status reports within the next forty-five days setting forth

15 what further discovery, if any, they need to conduct.  If Plaintiff wishes to renew his request for leave

16 to serve additional interrogatories, he may do so, but his request must include the proposed

17 interrogatories and it is Plaintiff's duty to ensure that he is seeking information that (1) is relevant

18 and (2) was not already provided by Defendants.

19 **III.   Motion to Compel**

20     **A.     Interrogatories 1-7**

21     Plaintiff seeks to compel responses to his second set of interrogatories, numbers 1-10, served

22 on Defendant Curtiss.  Defendant Curtiss objected to the substance of interrogatories 1-7 and, while

23 preserving any objections, informed Plaintiff that interrogatories 8-10 exceeded the interrogatory

24 limitation.

25     In his opposition to Plaintiff's motion to compel, Defendant Curtiss submitted evidence that

26 he served supplemental responses to interrogatories 1-7 on July 27, 2011.  The supplemental

27 responses provided Plaintiff with the information sought in interrogatories 1-7 and therefore,

28 Plaintiff's motion to compel is moot and will be denied on that ground.

However, the Court does not agree with Defendant's position that his initial objections were valid.[3]  For example, the initial responses to interrogatories 1 and 2 were left completely blank, and interrogatory 3 provided, "Defendant K. Curtiss, you stated in your response to the plaintiff first set of Admissions and Interrogatory dated May 18, 2011, you stated that you was never the Supervisor on "B" Facility, work change.  Is there a regular supervisor that's responsible for "B" Facility work change.  Is there a regular supervisor that's responsible for "B" Facility work change."  Defendant objected and responded that Plaintiff misstated his previous response when in fact, Defendant did previously respond that he was never the supervisor of the "B" Facility work change area at the California Substance Abuse Treatment Facility (CSATF).  (Doc. 42-1, Opp., Ex. A, ROG 1 & B, ROG 3.)

There is no evidence in the record that Plaintiff has propounded discovery which was abusive or harassing, either due to volume or substance.  Plaintiff is not an attorney and his discovery requests reflect that fact, but they were not so woefully drafted that they were impossible for Defendants to answer, as Defendant Curtiss's supplemental responses reflect.  Under the circumstances, Plaintiff is entitled to an opportunity to make a showing regarding what further discovery, if any, he needs.

**B.    Interrogatories 8-10**

Defendant Curtiss declined to respond to interrogatories 8-10 because they exceeded the limitation of twenty-five.  In light of Plaintiff's previously filed motion for leave to serve interrogatories in excess of twenty-five, the Court will address interrogatories 8-10.

Plaintiff seeks to know (1) if a female officer who conducted unclothed body searches and viewed naked inmates in work change would be in violation of CDCR policy; (2) if during the

---

[3] The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

1 | course of an interview for an investigation, Defendant Curtiss wrote down the information he
2 | obtained; and (3) if so, would Plaintiff's statement that he was uncomfortable with female officers
3 | strip searching him be worth writing down. (Doc. 41, Motion, court record pp. 7-8.) In the answers
4 | to his first set of interrogatories, Plaintiff asked whether there existed a policy on Facility B work
5 | change that allowed female officers to be in a common area where inmates were undressing and
6 | naked. (Doc. 42, Opp., Ex. A.) Plaintiff was informed that departmental regulations prohibit cross-
7 | gender unclothed body searches, other than by medical staff, except in emergency conditions with
8 | life and death consequences. (Id.)  Thus, the information Plaintiff seeks in interrogatory 8 is
9 | cumulative and/or duplicative of that previously sought and received.

The information sought in interrogatories 9 and 10 does not appear to be cumulative or duplicative of information previously sought, but the Court cannot discern the relevance of this specific information.  Plaintiff's Fourth Amendment claim against Defendants Swinford, Bonilla, and Lara arises from their personal participation in two cross-gender strip searches conducted on February 27 and 28, 2007, and Plaintiff's Fourth Amendment claim against Defendants Curtiss and Wan arises from their alleged knowledge, as work change supervisors, that cross-gender strip searches were being conducted.  Assuming Defendant Curtiss takes notes when he conducts an interview concerning an inmate's appeal, it is unclear how his opinion whether Plaintiff's stated discomfort in being strip searched by female officers would or would not be worth writing down is relevant to Plaintiff's claim Defendant Curtiss was aware that cross-gender strip searches were occurring in work change.  Information that is irrelevant is not within the scope of discovery. Fed. R. Civ. P. 26(b)(1).  Therefore, Plaintiff's motion to compel a response to interrogatories 9 and 10, viewed in conjunction with Plaintiff's motion for leave to serve interrogatories in excess of twenty-five, is denied.

**IV.   Order**

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that:

1.    Plaintiff's motion for leave to serve interrogatories in excess of twenty-five, filed on July 5, 2011, is HEREBY DENIED, without prejudice;

///

2.      Plaintiff's motion to compel, filed on July 26, 2011, is HEREBY DENIED as moot in light of the service of Defendant Curtiss's supplemental responses; and

3.      Within **forty-five (45) days** from the date of service of this order, the parties may file status reports if further discovery is necessary.

IT IS SO ORDERED.

**Dated:**     **October 17, 2011**                          /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE

6